## WESTON *v.* GOLDBERG.

CANCELLATION OF INSTRUMENTS—FRAUD—SALES—LEASES—WAIVER —ESTOPPEL—RESCISSION.

Where the lessees of a hotel, after discovering that misrepresentations had been made to them whereby they were induced to execute said lease and purchase on contract the furniture in the hotel, entered into a new agreement for the purpose of adjusting any claim they might have therefor, and continued in possession of the property for several months thereafter, they thereby waived said fraud and are estopped from maintaining a suit for the rescission of said instruments.

Appeal from Wayne; Shepherd (Frank), J., presid-

Cancellation of Instruments, 9 C. J. § 78; Compromise and Settlement, 12 C. J. § 33.

ing.   Submitted January 19, 1927.   (Docket No. 133.)   Decided April 1, 1927.

Bill by Daniel S. Weston and another against Samuel K. Goldberg for the rescission of a lease on the ground of fraud.   From a decree for plaintiffs, defendant appeals.   Reversed, and bill dismissed.

*McIntyre & Robinson,* for plaintiffs.

*Beckenstein & Wienner,* for defendant.

CLARK, J.   The bill was filed for rescission of a lease of a hotel in Detroit and an accompanying agreement to purchase the furniture therein.   Plaintiffs had decree.   Defendant has appealed.

Plaintiffs are husband and wife.   He working as a mechanic and she conducting a small apartment house in Flint had accumulated $6,500.   They desired to go into the hotel business in Detroit.   They met Strata & Davis by their agent Randall, realtors, who had listing of defendant's hotel.   A lease for a term of years was made, by which plaintiffs undertook to pay rent of $850 per month.   They also agreed to purchase the furniture for an agreed amount, $6,000 down, remainder in deferred installments of $250 per month, with interest.

The down payment was made and the plaintiffs took possession on May 9, 1924.   It was represented to plaintiffs that the gross income of the hotel was $2,000 per month.   This was false to the extent of several hundred dollars.   The evidence establishes that there was also material misrepresentation in the expense of operation of the hotel in one particular, the cost of telephone service.

On May 9th, when they took possession, plaintiffs, defendant and Randall, for the purpose of adjusting income of the hotel as of that date, checked up and

set forth in writing fully and particularly the items of income.    Plaintiffs·then knew and comprehended fully the extent of the misrepresentation which had been made relative to income.    Randall suggested rescission then and there.    He said:

"If you are dissatisfied, now is the time to speak up; we are willing to return our commission."

But plaintiffs, eager to engage in the business and hopeful of success, decided to go on.    Soon thereafter they learned of the misrepresentation respecting costs of telephone service.    Their ardor cooled somewhat by experience, plaintiff Daniel S. Weston, for himself and his wife, began complaining to defendant and to the realtors.    Strata & Davis and Randall were not knowingly at fault in respect of the misrepresentations. After May 9th, they acted for plaintiffs, did what they could to assist them and were willing to call the deal off and to return their commission.    Finally, on July 10, 1924, plaintiff Daniel S. Weston, accompanied by Strata and by Randall, met defendant in his office "for the purpose of adjusting the whole controversy." The result of this meeting was an agreement in writing, dictated in part at least by Strata and typed by defendant.

The agreement, signed by Daniel S. Weston and the defendant, provided that the monthly payments on the contract for the furniture be reduced from $250 to $100 per month, "to continue during the entire time of the lease" and that

"In consideration of the above recitals, I, Daniel S. Weston, hereby waive any claim that I may have due to any misrepresentation relative to the business or in any way connected with said Adelphia Hotel."

The evidence admitted and in the record indicates that at the time the paper was signed, "it was mutually agreed to constitute a complete settlement of the full

controversy." Mrs. Weston was told of the agreement and read the paper and for several months thereafter acquiesced in it and accepted its terms.

It is insisted that there were other inducements to the agreement which should be considered. If that be conceded it makes no difference. Plaintiffs wanted the payments of rent reduced in amount. Defendant refused, stated that he could not do it because he had to meet payments due and coming due on a mortgage, and stating, too, it is said, that at the end of a year, when the payments on the mortgage were to be less, he might, if necessary, reduce the rent, but that time did not come. It is urged, too, that defendant promised that time would not be of the essence of payments on the contract as to furniture. That is answered by the record. For some months plaintiffs paid nothing on this contract and defendant consented to the delay. It is claimed, also, that defendant was to make some repairs. He did.

On March 26, 1925, plaintiffs began this suit. They quit the hotel on April 2, 1925, when they were delinquent in payments of rent and on the other contract in an aggregate of nearly $2,000.

A consideration for the agreement of July 10, 1924, was the reduction in payments on the contract to purchase the furniture. Its recitals show that a new agreement was made, and the evidence admitted shows that it was intended to ratify the matter and to settle the whole controversy. It was made knowingly and at a time when plaintiffs had full knowledge of all the facts. Thereafter for a number of months plaintiffs kept possession of the premises and abided the agreement.

The conduct of plaintiffs above reviewed, especially the making and acceptance of the agreement of July 10th, and their remaining in possession of the hotel for several months thereafter, establish a waiver of

the right to bring this action. The case is ruled by *Jensen* v. *Evans*, 230 Mich. 199, and cases there cited. See, also, *Doukas* v. *Gregory*, 231 Mich. 631.

Decree reversed and bill dismissed, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.