KOFFMAN *v.* I. O. O. F. LODGE NO. 418.

CANCELLATION OF INSTRUMENTS—ESTOPPEL—LAPSE OF TIME.

One who purchased leasehold interest at bankruptcy sale and executed a new lease and an accompanying agreement differing from one purchased on representation it was the same but who waited six years after obtaining a copy of the old lease *held*, estopped to rescind such accompanying agreement because of lapse of time.

Appeal from Midland; Hartrick (George B.), J., presiding. Submitted August 10, 1937. (Docket No. 141, Calendar No. 39,632.) Decided November 10, 1937.

Bill by John J. Koffman against the I. O. O. F. Lodge No. 418, of Midland, Michigan, a fraternal association, to set aside an agreement and for construction of certain instruments. Cross-bill by defendant to establish validity of an agreement and for other relief. Decree for defendant. Plaintiff appeals. Affirmed.

*James R. Rood,* for plaintiff.

*Lloyd W. Bartlett,* for defendant.

POTTER, J. Plaintiff filed his bill of complaint to set aside an agreement with defendant, and to construe the agreement and lease if the agreement was found valid. Defendant filed an answer and cross-bill. From a decree for defendant, plaintiff appeals.

May 18, 1929, defendant leased to C. O. Riggle and I. M. Howe, of Midland, the premises described therein by written lease, set up in the margin as exhibit A.* Riggle and Howe became bankrupt and

---

"EXHIBIT A.*

"It is hereby agreed, between the I. O. O. F. Lodge No. 418, of the city of Midland, Michigan, party of the first part, and C. O. Riggle and I. M. Howe of the city of Midland, Michigan, parties of the second part, as follows:

"That the said party of the first part in consideration of the rents and covenants herein specified, does hereby let and lease to the said parties of the second part, the following described premises situated in and being in the city of Midland, county of Midland, and State of Michigan, to-wit:

"The ground floor of the northwesterly 40 feet of the building known as the I. O. O. F. lodge building, located on the northwesterly 40 feet of lot 5 of block 25 of the village of Midland city, now the city of Midland, Michigan.

"For the term of 10 years, from and after the 20th day of May,

the lease was sold as an asset under the order of the

1929, with the option of renewing the lease at the expiration of the said 10 years for a same number of years at the same monthly rental, on the terms and conditions hereinafter mentioned.

"That any alterations or repairs to the said property deemed necessary by the parties of the second part to adapt the building to their use may be made at the expense of the said second parties.

"Provided that in case any rent shall be due and unpaid or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part, its certain attorneys, trustees, representatives or assigns to re-enter the said premises and the said parties of the second part, and each and every other occupant, to remove and put out.

"And the said parties of the second part do hereby hire the said premises for the term of 10 years as above mentioned and do covenant and promise to pay to the said party of the first part, its representatives, and assigns for the rent of said premises for said term the sum of $24,000, payable as follows: $200 on the 20th day of May, 1929, and a like sum of $200 on the 20th day of each and every month thereafter until the full sum of $24,000 is paid in full.

"And also that the said parties of the second part will at their own expense, during the continuance of this lease keep the said premises and every part thereof in as good condition and as good repair as when taken, and at the expiration of the term, yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted.

"And the said party of the first part does covenant that the said parties of the second part, on the paying of the aforesaid instalments and performing all the covenants aforesaid, shall and may peacefully and quietly have, hold and enjoy the said demised premises for the term aforesaid.

"The covenants, conditions and agreements, made and entered into by the respective parties hereto, are declared binding on their respective heirs, representatives and assigns.

"Witness our hands and seals this 18th day of May, 1929.

"I. O. O. F. Lodge No. 418, (L. S.)
"By SHERMAN J. HOWE, Trustee,
"FRANCIS B. LAMBIE, Trustee,
"ROY COLLINS, Trustee,
"C. O. RIGGLE,
"I. M. HOWE.

"Signed, sealed and delivered in the presence of:
W. D. FALES,
J. DALE MADILL.

"State of Michigan, County of Midland — ss.

"On this 18th day of May, A. D. 1929, before me personally appeared Dr. Francis B. Lambie, S. J. Howe and Roy Collins, trustees of I. O. O. F. Lodge No. 418 and C. O. Riggle and I. M. Howe, and acknowledged the execution of the above instrument for the purposes therein set forth.

"WILLIAM DEXTER FALES,
"Notary Public, Midland County, Mich.
"My commission expires December 9th, 1929.

United States court in bankruptcy and plaintiff acquired, January 24, 1930, for $1,105, the rights of Riggle and Howe thereunder for the unexpired leasehold term. He went into possession of the premises. He sought to get a copy of the original lease from the receiver. It was said to be lost or destroyed. He procured, April 22, 1930, an order for defendant to show cause April 26, 1930, why the outstanding lease should not be produced or a new one signed. Judge Tuttle, of the United States district court for the eastern district of Michigan, was in Midland April 25, 1930, and a new lease was made and signed, a copy of which is also in the margin as exhibit B.* At the time exhibit B was signed,

---

"EXHIBIT B.*

"It is hereby agreed, between the I. O. O. F. Lodge No. 418, of the city of Midland, Michigan, party of the first part, and John Koffman, of the city of Midland, Michigan, party of the second part, as follows:

"Whereas, the said party of the second part is the purchaser from the United States district court of the unexpired term of a lease made and executed between the party of the first part and C. O. Riggle and I. M. Howe, which lease is dated the 18th day of May, 1929, and whereas, the said lease so made and executed has been lost or destroyed, the said party of the first part, in consideration of the rents and covenants herein specified does hereby let and lease to the said party of the second part, the following described premises, situated and being in the city of Midland, county of Midland, and State of Michigan, to-wit:

"The first floor of the I. O. O. F. Lodge No. 418 building located on the northwesterly 40 feet of lot 5 of block 25 of the village of Midland, now the city of Midland, Michigan, for the term of 9 years from and after the 1st day of May, 1930, with the privilege of renewing the same for 10 years in addition thereto on the terms and conditions hereinafter mentioned.

"Provided, that in case any rent shall be due and unpaid or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part, its trustees, certain attorney, representatives, and assigns, to re-enter into, repossess the said premises, and the said party of the second part, and each and every other occupant holding under him, to remove and put out.

"And the said party of the second part does hereby hire the said premises for the term of 9 years from the 1st day of May, 1930, with the privilege as above mentioned, and does covenant and promise

an agreement, in the margin as exhibit C,* was also signed and this is the source of controversy.

---

to pay to the said party of the first part, its representatives or assigns, for the rent of said premises for the said term, the sum of $200 per month payable monthly in advance on the 1st day of each month. Receipt is hereby acknowledged of full payment of the rent to and including the 1st day of May, 1930.

"And, also, the said party of the second part will at his own expense, during the continuance of this lease keep the said premises and every part thereof in as good repair, and at the expiration of the term, yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted, and the second party is hereby further granted the privilege of altering the said premises so leased at his own expense in any manner that he may desire as long as no permanent injury is done to said premises.

"And second party is hereby further granted the privilege of subleasing said premises, the said second party shall, however, at all times make the monthly payments of rent irrespective of whether the premises are occupied by the second party or by his subtenant.

"And the said party of the first part does hereby covenant that the said party of the second part upon paying the aforesaid instalments and performing all the covenants aforesaid, shall and may peacefully and quietly have, hold and enjoy the said demised premises for the term aforesaid.

"The covenants, conditions and agreements, made and entered into by the several parties hereto are declared binding on their respective heirs, representatives and assigns.

"Witness our hands and seals this 25th day of April, A. D. 1930.

"I. O. O. F. Lodge No. 418,
"By Sherman J. Howe, Trustee.
"Francis B. Lambie, Trustee.
"Roy Collins, Trustee.
"John Koffman.

"Signed and delivered in the presence of:
Wm. D. Fales,
A. Salasky.

"State of Michigan, County of Midland — ss.

"On this 25th day of April, 1930, before me, a notary public in and for said county, personally appeared Francis B. Lambie, Sherman Howe and Roy Collins, known to me to be the trustees of the I. O. O. F. Lodge No. 418 of Midland, Michigan, mentioned and described in the within conveyance, and that the said Francis Lambie, Sherman Howe and Roy Collins acknowledged before me that they executed the above lease as trustees of said lodge.

Wm. Dexter Fales,
Notary Public, Midland County, Mich..

"My commission expires December 15, 1933.

"Exhibit C.*

"It is hereby agreed by and between the I. O. O. F. Lodge No. 418, of the city of Midland, Michigan, and John Koffman, of the

Plaintiff bought the rights of Riggle and Howe under exhibit A from the court in bankruptcy. He wanted some evidence of what he bought. He asked defendant for a copy of exhibit A and it refused to give it to him, saying the lease was lost or destroyed. After several demands, plaintiff was dissatisfied and the order to show cause was issued. Judge Tuttle made an appointment with the trustees of defendant, and plaintiff; Judge Tuttle and defendant's trustees went to a lawyer's office to fix it up. The trustees of defendant said they were trying to make the second lease out as closely as they could to the first lease. The parties went to Mr. Fales' office to have the lease drawn. He was attorney in the Riggle and Howe bankruptcy proceeding and had caused the order to show cause to be issued against defendant. Exhibits B and C were prepared. Plaintiff says, while he did not want to sign

---

city of Midland, Michigan, that whereas John Koffman is the purchaser of the unexpired term of the lease of Riggle & Howe with the I. O. O. F. Lodge No. 418, of the city of Midland, Michigan, and whereas a new lease is hereby executed this day to take effect from the 1st day of May, 1930, and whereas at some future time the said I. O. O. F. Lodge No. 418 of the city of Midland, Michigan, may desire to build on their northeasterly 40 feet of said lot 5 of block 25 of the city of Midland, Michigan, it is hereby agreed by John Koffman that he will allow them to build upon the following conditions, that the said I. O. O. F. Lodge No. 418 either provide him with steam heat for each of the said stores so covered by said lease at a reasonable cost or that they provide him with a basement in the rear of the I. O. O. F. Lodge Building in which to place coal, fuel or heating plant for each of said stores under said lease and with access to said basement for the putting in of coal for said stores so covered in this lease from Rodd street of the city of Midland, Michigan.

."Witness our hands and seals this 25th day of April, A. D. 1930.
"I. O. O. F. Lodge No. 418,
"By Sherman J. Howe, Trustee.
"Francis B. Lambie, Trustee.
"Roy Collins, Trustee.
"John Koffman.
"Signed and delivered in the presence of:
"Wm. Dexter Fales,
"A. Salasky.

the new lease because he did not know about there being an agreement in the original lease, he did sign it because he understood if he did not sign the agreement he would not get a new lease. Mr. Fales, the attorney who drew exhibits B and C, says Judge Tuttle told him to prepare a lease like he prepared for Riggle and Howe for the Odd Fellows as closely as he could. He says he drew the original lease between Riggle and Howe and the Odd Fellows and was acquainted with the property and drew the lease according to regular form—"The only thing I remember was that Judge Tuttle told me to make a lease as near as I could like the original lease and everybody else kind of kept quiet and that was all there was to it." Plaintiff testified:

"The trustees said that they would draw me up a new lease which they did. I did not know what was in the old original lease which I purchased from the bankruptcy court. The trustees made out a new agreement which they told me to sign. I had not, at this time, seen a copy of the original lease. The trustees had a new lease drawn up and they had an agreement and they wouldn't sign a new lease with me unless I signed the agreement. They said the old original lease called for it and I signed it."

No consideration was paid for the execution of exhibit C. Plaintiff bought and paid for the rights of Riggle and Howe under Exhibit A. He bought nothing else. He wanted evidence of what he bought. He procured the order to show cause why he should not have it. Judge Tuttle directed a lease like exhibit A be executed. Plaintiff did not know there was any agreement contained in exhibit A. The trustees of defendant had exhibit C prepared. They said the original lease called for it and plain-

tiff signed it, without consideration. When he finally got a copy of exhibit A, he discovered he had been misled into signing exhibit C.

If plaintiff had acted promptly after he came into possession of the original lease, he might have been entitled to rescind. He acquired the lease under which he now holds on April 25, 1930, and came into possession of the original lease two or three months after that time. At the time he came into possession of the original lease, he knew its contents and, if he had been defrauded, he knew it then. The bill of complaint was filed herein June 27, 1936. Plaintiff did not act promptly, but slept on his rights for approximately six years, holding under the contract he now seeks to rescind. Under the circumstances, he must be held to have assented thereto. *De Armand* v. *Phillips,* Walk. Ch. (Mich.) 186; *Carroll* v. *Rice,* Walk. Ch. (Mich.) 373; *Jewett* v. *Petit,* 4 Mich. 508; *Campau* v. *Van Dyke,* 15 Mich. 371; *Craig* v. *Bradley,* 26 Mich. 353; *Wright* v. *Peet,* 36 Mich. 213; *Damm* v. *Vincent,* 197 Mich. 151; *Jensen* v. *Evans,* 230 Mich. 199; *Weston* v. *Goldberg,* 238 Mich. 61; and *Danto* v. *Charles C. Robbins, Inc.,* 250 Mich. 419. In the case last mentioned, it was held that by waiting "a period of over three years, defendants were estopped from rescinding their agreement." Plaintiff, having waited nearly, if not quite, six years from the time he discovered the alleged fraud, is not entitled to rescind.

Decree of the trial court affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and CHANDLER, JJ., concurred. SHARPE, J., did not sit.